```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
                CASE NO. 1:08cv00353 (WOB)
```

**ARTHUR JONES**                                          **PLAINTIFF**

VS.                    <u>**MEMORANDUM OPINION AND ORDER**</u>

**OPTION ONE MORTGAGE
CORP., ET AL.**                                           **DEFENDANTS**


This matter is before the court on the plaintiff's motion for voluntary dismissal (Doc. #68) and defendants' opposition thereto (Doc. #69). Plaintiff did not file a reply brief.

Having reviewed this matter, and finding that no further oral argument is necessary, the court issues the following memorandum opinion and order.

### *Factual and Procedural Background*

Plaintiff Arthur Jones ("Jones") is in the business of purchasing properties, repairing them, and then either renting the properties or selling them at a profit. Between 2003 and 2007, Jones entered into eleven (11) mortgages with defendant Option One.

Under the terms of these mortgages, Jones's payments were due on the first of each month. The mortgages also required that Jones maintain property insurance on each of the subject properties, and Jones was required to provide Option One with proof of such insurance. Further, the mortgages stated that if

Jones failed to provide proof of such insurance, then Option One was entitled to obtain coverage at Jones's expense, with the expenses for such coverage becoming an additional component of the escrow on each mortgage which was due at the first of the month. The mortgages required that payments be applied first to outstanding escrow amounts and then to interest and principal.

On May 7, 2007, Option One advised Jones that it had not received proof of insurance for several of the mortgaged properties. On June 1, 2007, Option One attempted to contact Jones's insurance carrier directly. One week later, Option One obtained insurance coverage ("forced placed insurance") for the properties for which it had not received proof of insurance, applying the charges to Jones's accounts.

Despite these added charges on his accounts, Jones did not increase his payments. Option One applied the payments it received, per the terms of the mortgages, to cover first the escrow charges and then interest and principal.

In August 2007, Option One began sending Jones letters informing him that the mortgage payments he had made were insufficient to pay all amounts due. Jones called Option One's customer service department on August 14, 2007 to ask about the additional amounts due, and he was told that the amounts were for the forced placed insurance. Jones stated that he had his own insurance coverage, and the customer service representative told

him that he was required to send in written proof of such insurance. Option One also communicated with Jones's insurance agent, advising the agent to fax Option One the declarations page of Jones's policy. Option One did not receive any proof of such insurance.

In September and October 2007, Option One sent Jones additional letters informing him that his payments were insufficient to cover all amounts due. These letters advised that, if they were the second such notice received by the mortgagee, then Option One would not accept any further partial payments until the full amount due had been paid.

In November 2007, Jones failed to pay the full monthly amount due on several of the subject mortgages, and Option One refused to accept the partial payments. Because Jones's payments on his loans were insufficient during September, October, and November 2007, Option One representatives called him regarding such shortfalls. The calls were placed per account, so Jones received different calls for each separate mortgage. Jones testified that during this period, he sometimes received between 20 and 30 calls a day.

On November 20, 2007, Option One received proof of insurance on the properties that were the subject of the forced placed coverage. It then cancelled the forced placed insurance on Jones's accounts and reimbursed him for the payments that had

3

been applied to those additional escrow amounts.  However, because Jones had again underpaid his loans in November, Option One reported to the credit agencies on December 5, 2007 that five of Jones's accounts were thirty days past due.

In Spring 2008, Jones stopped making any payments on his mortgage accounts with Option One.

In February 2008, while attempting to obtain financing on one of his properties, Jones learned that Option One had reported several of his accounts as delinquent.  Jones's mortgage broker obtained Jones's credit reports and discovered that his credit score was 544, which was too low to qualify him for the types of mortgage loans for which he was eligible.[1]

In April 2008, American Home Mortgage Servicing, Inc. purchased certain of Option One's assets, including the right to service Jones's mortgage loans.

Jones filed this action on May 22, 2008.  His Second Amended Complaint alleges the following causes of action: (1) invasion of privacy; (2) intentional/negligent infliction of emotional distress; (3) tortious interference with contract; (4) declaratory judgment; (5) violation of the Fair Credit Reporting

---

[1] Apparently Jones had a negative income due to his real estate investing, and he was thus eligible only for a narrow range of loans which do not require borrowers to prove their income.  In early 2008, credit scored of between 660 and 720 were required to qualify for such non-conventional loans.  Since June 2006, Jones's credit score had never been higher than 643. (Jones Depo. 145)

Act (FCRA); and (6) civil conspiracy. (Doc. #29) ("Sec. Am. Compl.") Jones alleges that defendants' allegedly false reports to the credit agencies have adversely affected his credit, caused him personal financial hardship, and made him unable to conduct his business. (Sec. Am. Compl. ¶¶ 16-17)

Defendants filed a motion to dismiss and motions for summary judgment, which were heard by the court on January 14, 2010. Following this hearing, the court gave plaintiff thirty days to amend his complaint to (1) make factual allegations that would cure deficiencies in his sole federal claim under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, *et seq.*; or (2) add factual allegations so as to invoke the court's diversity jurisdiction. (Doc. #67) Failing such amendments, the court stated that plaintiff should voluntarily dismiss this action. (*Id.*)

Plaintiff did not amend his complaint but instead filed the instant motion to dismiss, asking that this case be dismissed without prejudice. Defendants oppose this motion, noting that this case has been fully litigated and that, should plaintiff refile his state claims in state court, defendants may remove the case back to federal court on the grounds of diversity.

The court finds that, given that this case has proceeded through discovery and summary judgment briefing, and given that plaintiff did not amend his complaint as noted above, it would be

5

inappropriate to allow plaintiff to avoid a merits ruling on his federal claim under the FCRA.  The court will thus render such a ruling, which is set out below.  Given the dismissal of plaintiff's sole federal claim, and because plaintiff has not invoked the court's diversity jurisdiction, the court will decline to exercise its supplemental jurisdiction over plaintiff's state law claims, pursuant to 28 U.S.C. § 1367(c)(3).

### *Analysis*

"Under the FCRA, those who furnish information to consumer reporting agencies have two obligations: (1) to provide accurate information; and (2) to undertake an investigation upon receipt of a notice of dispute regarding credit information that is furnished."  *Downs v. Clayton Homes, Inc.*, Nos. 03-5259, 03-6055, 2004 WL 253363, at *2 (6th Cir. Feb. 9, 2004) (citing 15 U.S.C. § 1681s-2).  There is no private right of action with respect to the first of these obligations.  *Bach v. First Union Nat'l Bank*, 149 F. App'x 354, 358-59 (6th Cir. 2005) (citation omitted).

Rather, a consumer may bring a private cause of action against the data furnisher (*i.e.,* his creditor) only if the data furnisher violates its obligations, once notified of a dispute by the consumer reporting agency, to investigate the matter and correct any inaccurate information.  *Id.*  To maintain such an action, "the plaintiff must show that the data furnisher received notice from a consumer reporting agency, **not the plaintiff**, that

6

the credit information is disputed." *Downs*, 2004 WL 253363, at *2 (citation omitted) (emphasis added).

Plaintiff's FCRA claim here thus fails as a matter of law because there is no evidence that he ever notified the credit reporting agencies that the information provided to them by defendants was disputed. Rather, he communicated only with Option One about his mortgages. As a matter of law, therefore, he cannot maintain this cause of action under the FCRA. *See id.*

Therefore, having reviewed this matter, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that plaintiff's motion for voluntary dismissal (Doc. #68) be, and is hereby, **GRANTED IN PART AND DENIED IN PART**, consistent with the above discussion. Plaintiff's federal claim under the FCRA is hereby **DISMISSED WITH PREJUDICE**, and plaintiff's state law claims are hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3). A separate judgment shall enter concurrently herewith.

This 17th day of February, 2010.



**Signed By:**
*William O. Bertelsman* WOB
**United States District Judge**